**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000084
15-FEB-2013
08:46 AM**

NO. CAAP-10-0000084


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MCCULLY ASSOCIATES, a registered Hawaii
limited partnership, Plaintiff-Appellee

v.

ALEXANDER Y. MARN, individually, Defendant-Appellant,
and ALEXANDER Y. MARN, as Co-Trustee of the
James Y. Marn Family Trust created under that
certain James Yee Marn Third Amended Revocable
Trust Agreement dated January 21, 1982, made by
James Yee Marn, with powers to sell, lease,
mortgage and other powers set forth in said Trust
Agreement, and as Co-Personal Representative of
the Estate of James Yee Marn, deceased; JAMES K.M.
DUNN, Successor Trustee of the Annabelle Y. Dunn
Trust, dated June 18, 1991, JAMES YEE MARN, JR.,
individually and as Co-Trustee of the James Y.
Marn Family Trust created under that certain James
Yee Marn Third Amended Revocable Trust Agreement
dated January 21, 1982, made by James Yee Marn,
with powers to sell, lease, mortgage and other
powers as set forth in said Trust Agreement, and
as Co-Personal Representative of the Estate of
James Yee Marn, deceased, Defendants-Appellees,

and

BEATRICE YEE MARN; WALTER T.C. CHANG, as Co-Trustee of
the James Y. Marn Family Trust created under that
certain James Yee Marn Third Amended Revocable

Trust Agreement dated January 21, 1982, made by James Yee Marn, with powers to sell, lease, mortgage and other powers as set forth in said Trust Agreement; ERIC YEE MARN, individually and as Trustee under unrecorded Declaration of Trust dated December 24, 1984, and as Personal Representative of the Estate of Esther C. Marn, deceased; JOHN DOES 1-5; JANE DOES 1-5; DOE CORPORATIONS 1-5; DOE PARTNERSHIPS 1-5; DOE ASSOCIATIONS 1-5; DOE GOVERNMENTAL UNITS 1-5; and DOE ENTITIES 1-5, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-0565)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Alexander Y. Marn, appearing pro se, appeals from the following three orders entered by the Circuit Court of the First Circuit (Circuit Court):[1] (1) the Amended Final Judgment, which was entered on September 20, 2010 and found in favor of Plaintiff-Appellee McCully Associates (McCully Associates), a Hawaii Limited Partnership, as to its claims for interpleader, specific performance, and an order directing conveyance of title that arose from agreements of sale for a piece of real property; (2) the "Order Granting Plaintiff McCully Associates's Motion for Notice of Entry of Amended Final Judgment;" and (3) the "Order Denying Alex Y. Marn's Motion to Compel Production of Documents and to Hold the Proposed Draft Orders for the Release of Funds in Abeyance Until Alex Marn's Accountant Reviews all Supporting Documentation Requested."

---

[1] The Honorable Victoria S. Marks and the Honorable Rhonda A. Nishimura presided.

Alexander Marn asserts the following issues on appeal: (1) whether McCully Associates presented sufficient evidence that it had made all of the payments called for in the agreement of sale; (2) whether Alexander Marn was entitled to see records pertaining to whether McCully Associates made all of the payments required by the agreement of sale and whether these payments complied with the terms of the agreement; (3) whether McCully Associates was in default under the agreement of sale for purportedly failing to make certain monthly payments; (4) whether the denial of Alexander Marn's request for evidence of payment under the agreement of sale was an abuse of discretion by the Circuit Court and whether the Circuit Court abused its discretion by failing to order McCully Associates to produce a "particular accounting," and; (5) whether McCully Associates's refusal to provide documentation related to the agreement of sale payments was arbitrary and prejudicial, entitling Alexander Marn to a new trial, and whether McCully Associates's court-appointed liquidating receiver abused his office by refusing Alexander Marn's request for this documentation.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Alexander Marn's points of error as follows:

Alexander Marn may not assert any defenses to his liability without first being relieved from his default. Occidental Underwriters of Hawaii, Ltd. v. Am. Sec. Bank, 5 Haw. App. 431, 433, 696 P.2d 852, 854 (1985). A default judgment should be set aside when a court finds:

> (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wilful act.

BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 77, 549 P.2d 1147, 1150 (1976). "Furthermore, if a movant fails to meet any one prong of the test, a trial court does not abuse its discretion in refusing to set aside a default judgment." Citicorp Mortgage, Inc. v. Bartolome, 94 Haw. 422, 439, 16 P.3d 827, 844 (App. 2000). Here, the Circuit Court did not err in denying Alexander Marn's motion to set aside the default because he did not demonstrate that it was not the result of inexcusable neglect or a willful act.

First, when questioned by the Circuit Court, Alexander Marn was unable to provide a reasonable explanation for his default and, to the contrary, admitted that he knew that he was required to respond to the complaint.

Second, the record does not support Alexander Marn's contentions that he was confused as to whether Mr. Sutton would be representing him in this matter because the parties' hearing testimony indicated that they all knew that the scope of Mr. Sutton's representation did not extend to the interpleader case.

Moreover, Alexander Marn's argument that his confusion was exacerbated because McCully Associates, in response to Alexander Marn's demand for documents in November 2006, corresponded with Alexander Marn's attorney in the main Marn Family Litigation cases does not provide a basis for finding excusable neglect because, at that time, the instant case had not yet been filed and Alexander Marn was represented by counsel in the main proceeding. Accordingly, McCully Associates's legal representatives were obligated to communicate with Alexander Marn only through his counsel. See Hawai'i Rules of Professional Conduct Rule 4.2; see also Cook v. Surety Life Ins., Co., 79 Hawai'i 403, 411, 903 P.2d 708, 716 (App. 1995).

Although Alexander Marn requested certain records, these requests came either before the filing of the interpleader complaint (and, thus, cannot demonstrate an intent to defend) or after default judgment was entered (that is, after the time to defend had passed). Additionally, Alexander Marn's argument that

4

he expected McCully Associates to provide the records rings hollow given McCully Associates's explicit refusal to honor Alexander Marn's pre-litigation requests.

Alexander Marn's assumption that the McCully Associates receiver was obligated to bring the alleged breach to the attention of the court also is unpersuasive because, even assuming that the McCully Associates receiver was obligated to bring Alexander Marn's concerns to the court, once the interpleader action was filed, it was unreasonable for Alexander Marn to rely on this assumption in choosing not to answer the complaint. See, generally, Sanchez-Llamas v. Oregon, 548 U.S. 331, 356 (2006) (noting "the importance of procedural default rules in an adversary system, which relies chiefly on the parties to raise significant issues and present them to the courts in the appropriate manner at the appropriate time for adjudication").

Finally, after giving Alexander Marn a chance to explain his default, the Circuit Court voiced its suspicions regarding the timing of Alexander Marn's intervention, noting that he only came forward when there was a discussion of funds and that it appeared to be a last-minute attempt to delay the proceedings.

Given these factors, the Circuit Court did not abuse its discretion in denying Alexander Marn's motion to set aside the default judgment and he was not entitled to raise any defenses to his liability.

Therefore,

IT IS HEREBY ORDERED that the September 20, 2010 Amended Final Judgment, the "Order Granting Plaintiff McCully Associate's Motion for Notice of Entry of Amended Final Judgment," and the "Order Denying Alex Y. Marn's Motion to Compel Production of Documents and to Hold the Proposed Draft Orders for

the Release of Funds in Abeyance Until Alex Marn's Accountant Reviews all Supporting Documentation Requested" are affirmed.

DATED:  Honolulu, Hawai'i, February 15, 2013.

On the briefs:

Alexander Y. Marn,
Defendant-Appellant, pro se.

Steven Guttman and
Miriah Holden,
(Kessner Umebayashi Bain &
Matsunaga)
for Defendant-Appellee
James K.M. Dunn, as Successor
Trustee of the Annabelle Y.
Dunn Trust, Dated June 18,
1991.

Michael L. Freed,
(Tom Pertrus & Miller)
for Defendant-Appellee
James Y. Marn, Jr.

Louise K.Y. Ing,
Andrew D. Smith, and
Tina L. Colman,
(Alston Hunt Floyd & Ing)
for Liquidating Receiver
Thomas E. Hayes.

Presiding Judge

Associate Judge

Associate Judge

6